■ In the Matter of the Claim of LAURA R. DANIELS, Appellant, v LONG ISLAND D.D.S.O. et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [50 NYS3d 620]—

Egan Jr., J. Appeal from a decision of the Workers' Compensation Board, filed October 23, 2015, which ruled, among other things, that claimant was entitled to a schedule loss of use award for injuries to her left arm.

In April 2009, claimant was working as a developmental aide when a patient struck her in the neck and left shoulder causing her to sustain injuries. She filed a claim for workers' compensation benefits and was awarded payments for temporary partial disability for certain time periods. While her workers' compensation case was pending, claimant was treated by various physicians for problems that she continued to experience with both her neck and left shoulder. On March 16, 2015, a Workers' Compensation Law Judge (hereinafter WCLJ) convened a hearing to review medical reports concerning the permanency of claimant's injuries. The WCLJ determined that another hearing was necessary to receive medical testimony regarding the existence of any medical impairment to claimant's neck. To that end, the WCLJ set the hearing date for June 1, 2015, directed the parties to obtain the depositions of claimant's treating physician and the physician who conducted an independent medical examination of claimant on behalf of the employer's workers' compensation carrier and noted that claimant would testify at the hearing on loss of wage-earning capacity. The June 1, 2015 hearing began one hour earlier than originally scheduled with claimant's counsel present, but claimant did not personally attend. Claimant's counsel informed the WCLJ at the beginning of the hearing that claimant's treating physician had not yet been deposed and moved for an extension of time to do so. The WCLJ denied the motion and, without taking any further testimony, found that claimant had a 66²/₃% schedule loss of use of her left arm and no further causally related disability to her neck. The Workers' Compensation Board upheld this decision, and claimant now appeals.

Claimant's sole contention is that she was improperly denied the right to be present at the June 1, 2015 hearing where she could have provided testimony relevant to a permanent partial disability classification that would have entitled her to greater benefits than those under the schedule loss of use award. We find claimant's argument to be unpersuasive. Significantly, claimant was represented at the hearing by counsel (see Workers' Compensation Law § 20 [1]), who did not oppose the early commencement, object to the fact that claimant was not physically present or request her testimony by telephone. Moreover, claimant's proposed testimony concerning loss of wage-earning

capacity was relevant only to the number of weeks that she would be entitled to receive benefits once classified with a permanent partial disability (*see Matter of Till v Apex Rehabilitation*, 144 AD3d 1231, 1233 [2016]; *see also* Workers' Compensation Law § 15 [3] [w]). The WCLJ, however, did not make such classification due to the lack of persuasive medical evidence establishing that claimant had a further causally related disability to the neck. Indeed, claimant's treating physician failed to address this issue in his report and was not deposed by claimant's counsel before the hearing as directed by the prior WCLJ. The carrier's physician, on the other hand, opined that there was no evidence of disability or permanency with respect to claimant's cervical spine. In view of this, the WCLJ based the award upon claimant's scheduled loss of use of her left arm, which both her treating physician and the carrier's physician agreed was just over 66%. Under these circumstances, we do not find that claimant was improperly excluded from the hearing and, therefore, we decline to disturb the Board's decision.

McCarthy, J.P., Lynch, Devine and Clark, JJ., concur. Ordered that the decision is affirmed, without costs.